## Case No. 7,967.

LACHENMEYER v. The ANGELINA. DAY et al. v. SAME. WATSON et al. v. SAME.

[1 Wkly. Notes Cas. 22.]

District Court, E. D. Pennsylvania. Oct. 9, 1874.

SHIPPING — LIBEL BY BROKER WHO NEGOTIATED CHARTER — RIGHT OF CHARTERER TO HAVE VESSEL SAIL — MARITIME LIENS — RIGHT OF BROKER TO INTERVENE.

[One who acts as ship's broker in negotiating a charter cannot afterwards assert a claim against the vessel in such a manner as to interfere with the voyage for which she was chartered; but the claim may be asserted in an action properly brought by a third party under which the vessel is held in arrest.]

June 15th. Otto Lachenmeyer filed his bill against the schooner for a balance of $390.65, on account of advances made to her for necessary disbursements and repairs in foreign ports, amounting to $16.39. This libel was allowed, and the vessel arrested. June 17th, an amendment to the libel was filed, striking out two bills claimed for, amounting to $174.39. Eo die, Messrs. Day and Carter filed their libel for necessary repairs in a foreign port, amounting to $159.77, being one of the bills stricken out of Lachenmeyer's libel by amendment. Libel allowed, and vessel attached. June 18th, Messrs. Thomas Watson & Sons came into court and exhibited statement of facts agreed upon by all parties in interest, whereby it appeared that Otto Lachenmeyer, the libellant above named, had acted as ship-broker for the Angelina, in negotiating a charter-party between the said schooner and Messrs. Watson & Sons; that in pursuance of such charter-party a cargo had been placed on board the schooner, and some $500 paid to Lachenmeyer on account of the schooner, as advance freight (which was credited in the account annexed to his bill).

Mr. McMurtrie appeared for the Messrs. Watson, and moved that the schooner be released from arrest under the process issued on libel of Lachenmeyer, on the ground that one who acted as ship-broker in negotiating a charter, could not afterwards assert a claim against the vessel, in such a manner as to interfere with the voyage for which she was chartered.

Mr. Coulston, for the Angelina.

Boudinot & Flanders, for Otto Lachenmeyer, argued that a ship-broker who had acted in good faith in bringing together master and charterer, was not precluded from pressing all his legal remedies for the recov-

ery of such balance as might afterwards be found due to him for his disbursements; and that it would be against the interests of trade that he should be so precluded.

THE COURT ordered that the vessel be released and allowed to proceed on the voyage for which she was chartered, unless detained on other process than that of Lachenmeyer.

The same day. claim of Holbrook, master, filed. and stipulation with J. B. Watson (of Messrs. Watson & Sons), as security, in the suit of Day & Carter, and vessel released. June 22d, Holbrook, master, filed answer in both suits, not denying the justice of claims, but objecting to certain items amounting to $172.62, in Lachenmeyer's libel, as not being the subjects of lien; and alleging his belief that Day & Carter's claim had been paid by Lachenmeyer. Aug. 29th, Thomas Watson & Sons filed their libel against the schooner on a bottomry bond, alleged to have been executed June 18th. 1874, for $1,564.00—according to account annexed for $1,479.05. The libel was allowed, and the vessel arrested by the marshal.

Sept. 3d, the petition of Otto Lachenmeyer was filed, setting forth the above facts, and praying that attachment against the vessel might issue as upon his original libel, or otherwise. Whereupon THE COURT ordered the petition to be filed as supplemental to petitioner's original libel, or as of intervention in the suit of Watson & Son, and ordered attachment to issue.

Sept. 4th, affidavit of T. B. Watson filed, setting forth that the vessel is perishable on account of changeableness.

Coulston, for Watson & Sons, moved for appraisers. Whereupon THE COURT appointed appraisers and ordered them to report whether there was any special reason for an early sale.

Sept. 7th. report of appraisers filed recommending early sale, and valuing the vessel at $3.000.

Sept. 25th (due proclamations having been made). on motion of Coulston, for libellant, THE COURT entered decree pro confesso. in favor of T. B. Watson & Sons, for $1,-568.61. and writ of sale ordered, returnable Oct. 16th. Oct. 9th. writ of sale returned, sold to John C. Rayming for $2.100. Whereupon, on motion of Coulston, for libellant, and the filing of affidavit of service of notice to owners, THE COURT approved and confirmed the sale.